# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

No. 54
JAKE SHANKER v. STATE
Cuyahoga Court of Appeals
No. 4306, decided Nov. 27, 1922

ERROR—(2) Bill of Exceptions must show requests to charge in writing, were made.

INGERSOLL, I.:

Epitomized Opinion

Error to the Cuyahoga Court of Common Pleas

The above plaintiff, Shanker, was convicted of carrying concealed weapons, and he admitted the charge, but defended on the ground that the revolver did not belong to him, but was owned by the Union of which he was the general manager, and that he was using it at the time for the purpose of defending his superior officer K, who was carrying home a large sum of money, and when he was arrested he was returning to the hall of the Union, with the revolver, and had it in his possession for the purpose of returning it to the owner. S. claimed exemption from arrest by reason of the saving provisions of 13693 GC. The jury found him guilty. The Court of Appeals held:

1. That the verdict was not manifestly and clearly contrary to the evidence, and refused to reverse the judgment on that ground.

2. It was claimed also, by the defense, that the refusal of the court to give a certain charge to the jury prejudiced the accused. But the Court of Appeals refused to consider the point, because there was no request in the bill of exceptions, for the court to make its charge or any part thereof in writing. The fact that the bill of exceptions showed a list of requests to charge made by S, some of which were given, and some refused, without anything to indicate that the court was requested to put these charges or any one of them in writing, does not bring the refusal before the Court of Consideration. Judgment was affirmed.

Attorneys—J. A. Cline and O. O. Smith, for Shanker; E. C. Stanton and Thos. J. Herbert, for State.

No. 55
CLEVELAND RAILWAY CO. v. EVANS
Cuyahoga Court of Appeals, No. 4049, Nov. 27, 1922

ERROR—(1) Not reversible—(2) Impertinent Question injected into case by charge of court, not detrimental—(3) Measure of damages, not what individuals may think is enough.

SULLIVAN, J.:

Epitomized Opinion

The above defendant, Florence Evans, recovered a judgment against the Railway Co. for injury she alleged she, as a passenger, sustained in alighting or attempting to alight from a street car of said company.

1. After disposing of the question of the weight of evidence, by holding that although there were many sharp conflicts in the evidence and as to the questions of liability and measure of damages, they were not sufficient to justify a reviewing court to rverse the judgment, citing several pertinent authorities.

2. In the charge of the Common Pleas judge to the jury he injected into the case an issue, concerning the removal, by Evans, of the presumption of negligence, which did not arise in the record, and was not warranted by the pleadings or evidence. The Court of Appeals held that as the instruction was beneficial to the company, instead of detrimental, because it placed a burden upon Evans, which the nature of the evidence did not warrant. In other words, she was compelled to carry an involuntary burden, which the law of the case did not justify or require. For that reason there was no prejudicial error, in that part of the charge, of which the railway company had the right to complain.

3. The judge charged the jury that "the measure of compensation is not what particular individuals might thing is enough, but it is what three-fourth of you, after considering all the consequences of the injury, think the average, ordinary person would think was sufficient money redress." The Appellate Court was of the opinion that there was no prejudicial error in this charge, as a whole, especially as it appears from the record that when the court asked the counsel at the conclusion of the charge, whether there were any other requests to charge, counesl answered in the negative, citing Wire Spring Co. v. Forgath, in this court, No. 672.

Attorneys—Squires, Sanders & Dempsey, for Railway Co.; Payer, Winch, Minshall & Karch, for Evans.